**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **GEORGE MONTGOMERY**<br><br>*Plaintiff,*<br><br>v.<br><br>**CONTINENTAL INTERMODAL GROUP-TRUCKING LLC**<br><br>*Defendant.* | **Civil No. 19-940**<br><br>**CLASS ACTION COMPLAINT** |

## CLASS ACTION COMPLAINT

Plaintiff, George Montgomery ("Plaintiffs"), through their undersigned counsel, individually and on behalf of all persons similarly situated, file this Class Action Complaint against Defendant, Continental Intermodal Group – Trucking LLC ("CIG" or "Defendant"), seeking all available relief under the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-19, et seq. ("NMMWA").

### PRELIMINARY STATEMENT OF FACTS

1. Plaintiff brings this lawsuit to recover unpaid overtime wages and other damages under the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-19, et seq., ("NMMWA") from Defendant.

2. Defendant is a logistics provider offering transloading, inventory management, transportation, and storage solutions to customers in the oil and gas industry. Specifically, Defendant provides "last mile" services to oil field customers, delivering necessary oil field materials to the customer well site and providing services and equipment for the management and

storage of materials on-site once delivered.

3. Defendant provides its oil and gas services to customers across elven (11) different states, including New Mexico.[1] To do so, Defendant employs ("Truck Drivers" or "TDs") to haul necessary oil field materials, including sand to customer well sites.

4. Defendant has employed Plaintiff and other non-exempt TDs to haul necessary oil field materials, including sand to customer well sites throughout New Mexico over the past three years, but failed to properly pay them for overtime hours worked at the legally required rate in violation of the NMMWA, N.M. Stat. Ann. § 50-4-22(D).

5. Plaintiff and the other TDs regularly worked over forty (40) hours in each workweek. Specifically, Plaintiff and the other TDs were typically scheduled for 12 to 14 hour shifts 5 to 6 days a week for weeks at a time. However, Plaintiff and the other TDs never received overtime for hours worked in excess of forty (40) in a single workweek.

6. Defendant failed to pay Plaintiff and the other TDs one and one-half their regular rate of pay for hours worked in excess of forty (40) as required by the NMMWA.

## PARTIES

7. Plaintiff George Montgomery is an individual who was employed by Defendant from approximately May 05, 2018 to June 06, 2019. Plaintiff Montgomery worked for Defendant as a TD in the State of New Mexico within the three (3) years preceding the filing of this lawsuit.

8. Plaintiff Montgomery worked out of Defendant's facility in Loving, New Mexico. During his work for Defendant, Montgomery was scheduled to work an average of 5 to 6 days per week for 12 to 14 hours per day for three consecutive weeks followed by one week off. However,

---

[1] Defendant provides services in the following states: California, New Mexico, Texas, Oklahoma, Tennessee, Georgia, South Carolina, North Carolina, Wyoming, New Jersey, and New York. *See* Defendant's website, https://ciglogistics.com/locations/ (last visited October 2, 2019).

Defendant did not pay Plaintiff Montgomery overtime compensation at any time during the three years preceding the filing of this lawsuit.

9. Plaintiff Montgomery seeks to represent a class of similarly situated Truck Drivers under NMMWA pursuant to Federal Rule of Civil Procedure 23. The NMMWA Class sought to be certified is defined as:

> **All of Defendant's current and former Truck Drivers who worked over forty (40) hours in at least one week in New Mexico within the three (3) years preceding the filing of this lawsuit and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours.**

10. Defendant, Continental Intermodal Group – Trucking LLC ("CIG" or "Defendant") is an Oklahoma limited liability company with its principle place of business at 420 Throckmorton, Suite 550 Fort Worth, Texas 76102. Defendant does business throughout the United States, including New Mexico. Defendant conducts substantial portions of its business in New Mexico including out of its location in Loving, New Mexico where Plaintiff was employed. Defendant can be served with process by serving its New Mexico registered agent, Capitol Document Services, Inc., at 55 Old Santa Fe Trail, 2nd FL, Santa Fe, NM 87501.

11. Plaintiff brings his NMMWA claim as a Rule 23 class action on behalf of the New Mexico Class Members. The Class Members consist of Defendant's Truck Drivers who worked over forty (40) hours in at least one week in New Mexico within the three (3) years preceding the filing of this lawsuit and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty hours.

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction over the claims in this complaint pursuant to 28 U.S.C. § 1332(d) because (1) this case involves over 150 New Mexico Class Members; (2)

the New Mexico Class Members' total claims exceed $5,000,000,00 in the aggregate, exclusive of costs or interest; and (3) at least one New Mexico Class Member is from a different state than Defendant.

13. Under 28 U.S.C. § 1391(b) venue is proper in the District of New Mexico because a substantial part of the events giving rise to the claim occurred in this District.

14. Plaintiffs and the New Mexico Class Members perform or performed work for Defendant in this District. Specifically, during Plaintiffs' and the New Mexico Class Members' employment, they performed work for Defendant within New Mexico.

### NMMWA COVERAGE FACTS

15. At all relevant times, Defendant acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the New Mexico Class Members.

16. At all relevant times, Defendant constituted an employer or joint employer within the meaning of NMMWA and specifically NM STAT ANN. § 50-4-21(B).

17. At all relevant times, Plaintiff and the New Mexico Class Members constituted individual employees employed by an employer as the term "employee" is defined under NM STAT ANN. § 50-4-21(C).

### FACTUAL ALLEGATIONS RELATING TO NMMWA VIOLATIONS

18. Defendant has continuously conducted business in this judicial district over the last three (3) years and since it began paying TDs who worked in New Mexico on an exempt basis.

19. Defendant is an oil and gas company operating throughout the United States, including New Mexico, and employs oil field personnel – Truck Drivers to carry out its work.

20. The New Mexico Class Members are individuals worked for Defendant performing

the same or substantially similar job duties as Montgomery.

21. Plaintiffs and the New Mexico Class Members were subjected to the same or similar illegal pay practices for similar work.

22. Defendant agreed to pay TDs a fixed-salaried rate of pay for all hours worked. Defendant has a specific policy against overtime compensation. Specifically, Defendant's policy states that all TDs "are NOT eligible for overtime premium pay." Defendant scheduled all TDs to work a schedule consisting of three (3) weeks on and one (1) week off.

23. Specifically, Defendant classified the New Mexico Class Members as exempt and paid them the same rate of pay regardless of the number of hours that they worked in each workweek and failed to compensate them at one and one-half times their regular hourly rate of pay for all hours worked in excess of forty hours.

24. For example, Montgomery worked as a Truck Driver exclusively for Defendant from approximately May 5, 2018 until June 29, 2019. Throughout his employment with Defendant, Montgomery was classified as exempt and was not compensated at one and one-half times his regular hourly rate of pay for all hours worked in excess of forty hours in each workweek – even though Defendant scheduled him to work between 60 and 84 hours in each workweek.

25. As a Truck Driver, Montgomery's primary job duties included frac and sand hauling, delivering sand, and driving between oil filed sites within New Mexico.

26. Defendant typically scheduled Montgomery to work 12 to 14-hour shifts, for as many as 6 days in a week.

27. Montgomery regularly worked in excess of forty (40) hours each work week while employed by Defendant.

**NEW MEXICO CLASS ACTION ALLEGATIONS**

28. The above and foregoing paragraphs are incorporated herein as if set forth in full.

29. Plaintiff Montgomery seeks to represent a class of similarly situated Truck Drivers under NMMWA pursuant to Federal Rule of Civil Procedure 23. The New Mexico Class sought to be certified is defined as:

> **All of Defendant's current and former Truck Drivers who worked over forty (40) hours in at least one week in New Mexico within the three (3) years preceding the filing of this lawsuit and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours.**

30. The members of the New Mexico Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 150 members of the New Mexico Class.

31. While the precise number of the New Mexico Class Members is unknown, at least 150 New Mexico Class Members work or worked for Defendant in at least one workweek of more than forty (40) hours in New Mexico during the past three (3) years and throughout the time period Defendant's continuing course of conduct occurred.

32. Plaintiff and the New Mexico Class Members were all improperly classified as exempt and not afforded the overtime compensation when they worked in excess of 40 hours per week. Defendant's failure to pay wages and overtime compensation at the rates required by the NMMWA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the New Mexico Class Members. Plaintiff's claims are therefore typical of the claims of the New Mexico Class Members.

33. Plaintiff will fairly and adequately represent and protect the interests of the New Mexico Class because there is no conflict between the claims of Plaintiff and those of the New Mexico Class. Plaintiff's counsel is competent and experienced in litigating class actions and other

complex litigation matters, including wage and hour cases similar to this case.

34. There are questions of law and fact common to the proposed New Mexico Class, which predominate over any questions affecting only individual members, including, without limitation:

a. whether Defendant has violated and continues to violate statutory and common law through its policies or practices of not paying the New Mexico Class Members at one and one-half times their regular hourly rates of pay for hours worked in excess of forty hours in each workweek;

b. The proper measure of damages sustained by the New Mexico Class Members; and

c. whether Defendant should be enjoined for such violations in the future.

35. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2). Defendant acted or refused to act on grounds generally applicable to the New Mexico Class Members. Final injunctive and/or declaratory relief is appropriate to the New Mexico Class Members as a whole.

36. Plaintiff's claims are typical of the claims of the New Mexico Class in the following ways, without limitation: (a) Plaintiffs are members of the New Mexico Class; (b) Plaintiffs' claims are of the same policies, practices and course of conduct that form the basis of the claims of the New Mexico Class; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the New Mexico Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs, the New Mexico Class Members; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the New Mexico Class Members.

37. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New Mexico Class predominate over any questions affecting only

individual Class Members.

38.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

39.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy because—in the context of wage and hour litigation— individuals lack the financial resources to vigorously prosecute lawsuits against large corporations.

40.     Members of the New Mexico Class are readily identifiable from Defendant's own records. Prosecution of separate actions by individual members of the New Mexico Class would create the risk of inconsistent or varying adjudications with respect to individual New Mexico Class members that would establish incompatible standards of conduct for Defendant.

41.     Class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the New Mexico Class, while substantial, are not great enough to enable them each to maintain separate suits against Defendant.

42.     Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the New Mexico Class. Plaintiff does not envision any difficulty in the management of this action as a class action.

43.     Plaintiff intends to send notice to the Rule 23 New Mexico Class Members to the

extent required by Fed. R. Civ. 23(c).

## COUNT I

## VIOLATIONS OF NEW MEXICO MINIMUM WAGE ACT

44. The above and foregoing paragraphs are incorporated herein as if set forth in full.

45. Pursuant to NMMWA, an employer, such as Defendant, who fails to pay an employee wages in conformance with the NMMWA shall be liable to the employee for their unpaid wages plus interest, an additional amount equal to twice the unpaid wages, and court costs and attorneys' fees incurred. *See* N.M. Stat. Ann. § 50-4-26.

46. During the relevant time period, Defendant violated and continues to violate NMMWA by employing employees and regularly and repeatedly failing to pay employees for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the New Mexico Class Members have suffered and will continue to suffer from a loss of income and other damages. Moreover, Plaintiff requests that this lawsuit encompass all violations that occurred as a part of Defendant's continued course of conduct regardless of the date on which they occurred.

47. Plaintiff and the New Mexico Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D).

## JURY DEMAND

48. Plaintiff requests a trial by jury.

## PRAYER

49. For these reasons, Plaintiff on an individual basis and on a representative basis on behalf of the New Mexico Class Members respectfully requests that judgement be entered in their favor and against Defendant, awarding Plaintiff on an individual basis and on a representative basis on behalf of the New Mexico Class Members the following relief:

a. For an Order certifying the NMMWA claim as Class Action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representative under NMMWA, and for designation of Plaintiff's counsel as class counsel;

b. For Judgment that Defendant violated NMMWA by failing to pay Plaintiff and the NM Class Members overtime compensation;

c. For an Order awarding Plaintiff and the NM Class Members all unpaid overtime compensations, an amount equal to twice their unpaid wages as liquidated damages, interest and all available penalty wages under NMMWA;

d. For all costs and attorneys' fees incurred prosecuting this claim, as allowed by the N.M. Stat. Ann. § 50-4-26(E);

e. An order for injunctive relief pursuant to N.M. Stat. Ann. § 50-4-26(F); and

f. Any other and further relief to which Plaintiffs and the New Mexico Class Members may be entitled.

Respectfully submitted,

By: */s/ Drew N. Herrmann*
HERRMANN LAW, PLLC
Drew N. Herrmann
N.M. Federal Bar No. 19-201
Texas Bar No. 24086523
drew@herrmannlaw.com
Pamela G. Herrmann
Texas Bar No. 24104030
pamela@herrmannlaw.com
801 Cherry St., Suite 2365
Fort Worth, TX 76102
(817) 479-9229 – telephone
(817) 887-1878 – fax
-AND-

LICHTEN & LISS-RIORDAN, P.C.

Harold L. Lichten, pro hac vice anticipated
Massachusetts BBO # 549689
Matthew Thomson, pro hac vice anticipated
Massachusetts BBO # 682745
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel. 617-994-5800
Fax: 617-994-5801
hlichten@llrlaw.com
mthomson@llrlaw.com


ATTORNEYS FOR PLAINTIFF
AND CLASS MEMBERS