**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**Before the Honorable Gregory J. Fouratt**
**United States Magistrate Judge**

**Clerk's Minutes**

**CIV 19-940 GBW/GJF**

*Montgomery v. Continental Intermodal Group Trucking LLC*

**Date of Hearing: 1/21/2020**
*(Recorded – Dona Ana Courtroom)*

| | |
|---|---|
| **Attorney for Plaintiffs**: | Drew Herrmann, Matthew Thomson |
| **Attorney for Defendant**: | Janet Hendrick |
| **Proceedings**: | Telephonic Rule 16 Conference |
| *Start Time*: | 2:00 p.m. |
| *Stop Time*: | 2:32 p.m. |
| **Total Time**: | **32 minutes** |
| **Clerk**: | GBG |

**Notes:**

- The Court made introductions.
- The Court began by discussing with Mr. Thomson the nature of Plaintiff's complaint. Mr. Thomson confirmed that, although he expected additional plaintiffs to be added to this suit, the complaint would not be amended to include any allegations under the Fair Labor Standards Act ("FLSA"). In response to the Court's question, Mr. Thomson explained that the FLSA might have exempted plaintiffs from having a cause of action, whereas the New Mexico Minimum Wage Act ("NMMWA") arguably does not. Mr. Thomson also stated that, based on representations from his clients, there might be over 150 putative class members.
- The Court discussed with the parties how to approach discovery, particularly in light of a preliminary issue that could be dispositive of this case: whether "the Federal Aviation Administration Authorization Act, the Motor Carrier Act and/or Motor Carrier exemption to the overtime requirements of the [FLSA]" preempts the NMMWA. ECF 10 at 4 (Joint Status Report).
- Regarding this preliminary issue, Ms. Hendrick stated that some limited discovery would be necessary, including obtaining evidence from her clients and Mr. Montgomery. She also expressed her belief that Defendant's records suggest that there may be less than 20 putative class members. Although Mr. Thomson believed that Plaintiff should be permitted

- to begin the full range of discovery, he agreed that limited discovery could still be helpful, including only documentary discovery.
- After further discussion, the Court stated that, at this stage, it would permit only documentary discovery—unless a party made a separate showing through a motion that a deposition was necessary. The parties would be required to serve their initial written discovery requests by **February 4, 2020**, and the responses to these requests would be due 30 days later, **March 5, 2020**. In addition, Defendant would have until **March 31, 2020**, to file a dispositive motion regarding this preliminary issue. If Defendant needed additional time beyond that deadline, it would be required to show good cause (beyond being "really busy").
- The Court set a telephonic status conference for **2:00 p.m. on April 7, 2020**, to discuss the status of the case, including the potential size of any putative class and whether the exchange of discovery had equipped the parties to participate in a settlement conference.
- The Court stated that a separate order would be issued regarding this documentary discovery and the status conference.
- Ms. Hendrick confirmed that there were no arbitration agreements that would be at issue in this case.
- *The Court adjourned.*