# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

GEORGE MONTGOMERY,

     Plaintiff,

v.                                            Civ. No. 19-940 MV/GJF

CONTINENTAL INTERMODAL
GROUP-TRUCKING LLC,

     Defendant.

## ORDER PRELIMINARILY APPROVING RULE 23 SETTLEMENT

THIS MATTER is before the Court upon Plaintiffs' "Unopposed Motion for Preliminary Approval of a Rule 23 Class Settlement" [ECF 44] ("Motion").  As set forth in the Motion, the parties reached a proposed settlement of a class under Federal Rule of Civil Procedure 23, and accordingly seek preliminary approval of their proposed settlement.  Having considered the parties' Motion, the Court **PRELIMINARILY APPROVES** the parties' proposed settlement [ECF 44-1].

The Court finds that it is likely to finally approve the parties' proposed settlement, as it appears to be fair, adequate, and reasonable, and because the parties reached their proposed agreement as a result of intensive, non-collusive, arms-length negotiations.  *See Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984) ("In exercising its discretion, the trial court must approve a settlement if it is fair, reasonable and adequate.")  The Court will hold a final fairness hearing on **March 9, 2021, at 2:00 p.m. (MST) in the Dona Ana Courtroom at the United States Courthouse in Las Cruces**[1] to determine whether to grant final approval of the parties' proposed settlement, and to resolve all related matters.

---

[1] The Court may alter the format of this hearing (e.g., by conducting it via video teleconference) depending on the public health restrictions that are in effect near the time of the hearing.

The Court preliminarily finds that this matter meets the requirements for class certification under Federal Rule of Civil Procedure 23.  *See Shook v. El Paso Cnty.*, 386 F.3d 963, 971 (10th Cir. 2004) ("In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.").

Consequently, for purposes of effectuating the parties' proposed settlement, the Court **PRELIMINARILY CERTIFIES** the following settlement class:

> All current and former Truck Drivers who worked for Defendant, who at any time were based in Jal, New Mexico or Loving, New Mexico, or who performed more than 50% of their work hours in New Mexico, and who worked over forty (40) hours in at least one week in New Mexico within the three (3) years preceding October 4, 2019 and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (not to exceed 402 persons) in a workweek.

Also, for purposes of effectuating the parties' proposed settlement, the Court **APPOINTS** George Montgomery as the class representative and the following attorneys and law firm as class counsel:

| | |
|---|---|
| Drew N. Herrmann | Harold L. Lichten |
| Pamela G. Herrmann | Matthew Thomson |
| Herrmann Law, PLLC | Lichten & Liss-Riordan, PC |
| 801 Cherry St., Suite 2365 | 729 Boylston St., Suite 2000 |
| Fort Worth, TX 76102 | Boston, MA 02116 |

The Court **APPROVES**, as to form and content, the parties' proposed notice of class action settlement, a copy of which was filed with the Court [ECF 44-2].

The Court finds that this notice of class action settlement, and the ordered distribution thereof, meets the requirements of due process under the Constitution and Federal Rule of Civil Procedure 23(e), that it is the best practicable notice under the circumstances, and that it constitutes due and sufficient notice to all persons entitled to notice of class action settlement.

The Court further finds that the parties' proposed notice of class action settlement is adequate and will give all class members sufficient information to enable them to make informed decisions as to the parties' proposed settlement, and the right to object to, or opt-out of, it. *See DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005) ("[O]ur precedent focuses upon whether the district court gave 'the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort.'") (quoting *In re Integra Realty Res., Inc.*, 262 F.3d 1089, 1110 (10th Cir. 2001)).

Finally, the Court **APPROVES** the parties' proposed schedule and procedure for seeking final approval of the Settlement Agreement and **ORDERS** that the notice of class action settlement be distributed as follows:

- Not later than 14 days following the Preliminary Approval Date, Defendant shall provide class counsel with the name, last known address, date of birth, and Social Security number for each member of the Settlement Class.

- Not later than 30 days following the Preliminary Approval Date, class counsel will send, by first-class mail, the Class Notice to each Class Member at the most current addresses reflected in Defendant's records for each Class Member.

For any Class Member whose Class Notice is returned as undeliverable, class counsel will take reasonable measures to locate a good address. If class counsel obtains a new address, class counsel must send the Class Notice to the new address. Class counsel is not responsible for the postal service's failure to timely deliver the Class Notice to a particular Class Member. Class counsel will not have any obligation to resend any Class Notice and claim form that is not returned by the postal service before the Final Fairness Hearing.

Any class member who wishes to exclude himself or herself from the class action settlement must mail a written request for exclusion to class counsel, postmarked no more than 90

days after the date notices are mailed. Through a request for exclusion, a Class Member must include his or her:

- Full name;
- Address;
- Telephone number; and
- A statement that he or she wishes to be excluded from the class action settlement.

Any Class Member who submits a valid and timely request for exclusion will neither be bound by the terms of the Settlement Agreement, nor receive any of the benefits of this Agreement. Any class member who wishes to object to the class action settlement must mail a written notice of objection to class counsel, to counsel for Defendant, and to the court, postmarked no more than ninety days after the Preliminary Approval Date. Through his or her notice of objection, a Class Member must include his or her:

- Full name;
- Address;
- Telephone number;
- A statement of the objection;
- A detailed description of the facts underlying the objection;
- A detailed description of the legal authorities that support each objection;
- A statement noting whether the Class Member intends to appear at the fairness hearing;
- A list of all witnesses that the Class Member intends to call by live testimony, deposition testimony, or affidavit or declaration testimony; and
- A list of exhibits that the Class Member intends to present at the Final Fairness Hearing.

Class Members who do not submit a valid and timely objection will be barred from seeking review of the proposed class action settlement by appeal, or otherwise.

This order should not be construed as, or deemed to be, evidence of a presumption, implication, concession, or admission by Defendant concerning (1) any alleged liability, fault, or wrongdoing, (2) the appropriateness of any measure of alleged loss or damages, or (3) the appropriateness of class certification for any purposes other than settlement. If the parties'

settlement agreement is terminated pursuant to its terms, or if this Court does not finally approve the parties' proposed settlement, Plaintiff and Defendant will be returned to the position they were in prior to execution of their settlement agreement, with the same status quo rights and interests as they had prior to execution their settlement agreement.

      **SO ORDERED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE